**B1 (Official Form 1) (1/08)**

| United States Bankruptcy Court<br>Northern District of Illinois | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Carodine, Jeffrey** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Smith-Carodine, Keya N.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**Keya N. Carodine** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete<br>EIN (if more than one, state all): **2790** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete<br>EIN (if more than one, state all): **4362** |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**10417 South Sangamon Street**<br>**Chicago, IL**<br>ZIPCODE **60643-3029** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>**10417 South Sangamon Street**<br>**Chicago, IL**<br>ZIPCODE **60643-3029** |
| County of Residence or of the Principal Place of Business:<br>**Cook** | County of Residence or of the Principal Place of Business:<br>**Cook** |
| Mailing Address of Debtor (if different from street address)<br><br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIPCODE | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check **one** box.) | **Nature of Business**<br>(Check **one** box.) | **Chapter of Bankruptcy Code Under Which<br>the Petition is Filed** (Check **one** box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11<br>U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☑ Chapter 7     ☐ Chapter 15 Petition for<br>☐ Chapter 9          Recognition of a Foreign<br>☐ Chapter 11         Main Proceeding<br>☐ Chapter 12     ☐ Chapter 15 Petition for<br>☐ Chapter 13         Recognition of a Foreign<br>                          Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under<br>Title 26 of the United States Code (the<br>Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☑ Debts are primarily consumer   ☐ Debts are primarily<br>debts, defined in 11 U.S.C.          business debts.<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose." |

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (Applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the debtor<br>is unable to pay fee except in installments. Rule 1006(b). See Official Form<br>3A.<br><br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or<br>affiliates are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of<br>creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information**<br>☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001<br>to $10 million | $10,000,001<br>to $50 million | $50,000,001<br>to $100 million | $100,000,001<br>to $500 million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001<br>to $10 million | $10,000,001<br>to $50 million | $50,000,001<br>to $100 million | $100,000,001<br>to $500 million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# ADVANCE PAYMENT RETAINER ATTORNEY FEE AGREEMENT

Attorney is authorized to file a Chapter 7 petition on Client's behalf and Client agrees to pay Attorney the sum of $2,695.00 as payment in full for all contemplated legal services to be rendered. Client further agrees to pay $299.00 court costs by money order or cashier's check directly to "Clerk of Bankruptcy Court" before Attorney's filing of the petition. Client has been informed that this advance payment retainer agreement has been created to benefit Client because of potential claims of Client's creditors. Client further understands that client has a choice between types of retainer agreements. The contemplated legal services to be rendered are: determination of eligibility to file, preparation of a budget, consideration of Chapter 7 as a solution as opposed to Chapter 13, evaluating advantages and disadvantages of both Chapter 13 and Chapter 7, determining availability of regular income and the amount of disposable income, evaluating any non-dischargeable Chapter 7 debts and potential good-faith or other issues that may be raised by the Chapter 7 trustee, court, or creditors, preparation of schedules, review with Client prior to signing of prepared documents, telephone calls to Client for more complete information as is needed, and filing the petition with the Clerk of the Bankruptcy Court. Attorney will, prior to the first meeting of creditors, prepare Client for the meeting, and represent Client before the Chapter 7 trustee. Attorney's fees are competitive and comparable to charges made by attorneys on non-bankruptcy matters. This agreement is retroactive to cover all legal services described above that may have been provided before its signing, including, but not limited to, telephone conference(s), drafting solicitation letter(s) informing of bankruptcy as a legal option, etc. Legal services not contemplated by the fees charged are: continued creditor's meetings caused by Client's failure to appear or to produce documentation requested by the trustee or any creditor, contested objections to discharge requiring a court hearing, contested hearing on objections to claims, adequate protection, hearing on any adversary matter, extended litigation, filing memorandums of law or briefs, proceedings filed for turnover orders, amendments to add additional creditors, conversion to Chapter 13, application to incur additional credit or application to buy or sell real estate. Attorney, upon Client's request, will appear on Client's behalf on any matter that affects Client's Chapter 7 case including any services not originally contemplated in this fee agreement. If so, Client will compensate Attorney for any additional services. Client retains no legal or equitable interest in the retainer and understands that fees paid under this agreement are for Attorney to be available to provide specific legal services when needed prior to and/or after filing the petition. Funds paid to Attorney prior to discharge are non-refundable to the extent earned and will be treated as income to the extent earned upon receipt, computed at Attorney's standard hourly rate of $295.00. Client shall pay all fees and costs prior to Attorney filing the Chapter 7 petition with the Clerk of the Bankruptcy Court. Client agrees to pay $65.00 to Attorney for processing each NSF check presented by Client to Attorney for payment of attorney fees. Client understands and agrees that Attorney's fees are payable whether the court dismisses the case or if Client directs Attorney not to file this case. Any balance due Attorney which is overdue 30 days or more shall bear late charges at 1.5% per month from the date shown hereon, together with reasonable Attorneys fees and court costs. If such late charges are disallowed by a court of competent jurisdiction, then said balance shall bear interest at the maximum rate allowed by law pursuant to 815 ILCS 205/4, together with reasonable Attorneys fees and court costs. Client acknowledges receiving a copy of this agreement.

_____
ATTORNEY

_____
CLIENT

_____
CLIENT

_____
DATE    1/21/10

_____
DATE    1/21/10

B1 (Official Form 1) (1/08)    Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Carodine, Jeffrey & Smith-Carodine, Keya N.** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:**None** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr>
<td><b>Exhibit A</b><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition.</td>
<td><b>Exhibit B</b><br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.<br><br>X <i>/s/ Timothy K. Liou</i>      <b>1/25/10</b><br><span style="font-size:smaller">Signature of Attorney for Debtor(s)       Date</span></td>
</tr>
</table>

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br>☑ No |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br>☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br>☑ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box.) |
|---|
| ☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes.) |
|---|
| ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>_____<br>(Name of landlord or lessor that obtained judgment)<br><br>_____<br>(Address of landlord or lessor)<br><br>☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B1 (Official Form 1) (1/08)

Page 3

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Carodine, Jeffrey & Smith-Carodine, Keya N.** |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United State Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Jeffrey Carodine**
Signature of Debtor                                 **Jeffrey Carodine**

X **/s/ Keya N. Smith-Carodine**
Signature of Joint Debtor                    **Keya N. Smith-Carodine**

Telephone Number (If not represented by attorney)
**January 25, 2010**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Attorney*

X **/s/ Timothy K. Liou**
Signature of Attorney for Debtor(s)

**Timothy K. Liou 06229724**
**Law Office Of Timothy K. Liou**
**Suite 361, 575 West Madison Street**
**Chicago, IL  60661-2614**
**(312) 474-7000**

**January 25, 2010**
Date
*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any,  of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

_____
Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## United States Bankruptcy Court
### Northern District of Illinois

**IN RE:**

Case No. _____

**Carodine, Jeffrey & Smith-Carodine, Keya N.** _____

Chapter **7** _____

Debtor(s)

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors _____ **15**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date: **January 25, 2010** _____

*/s/ Jeffrey Carodine* _____

Debtor

*/s/ Keya N. Smith-Carodine* _____

Joint Debtor

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**Carodine, Jeffrey**
**10417 South Sangamon Street**
**Chicago, IL  60643-3029**

**GE Money Bank**
**Box 103104**
**Roswell, GA  30076**

**Smith-Carodine, Keya N.**
**10417 South Sangamon Street**
**Chicago, IL  60643-3029**

**GE Money Bank**
**Box 981438**
**El Paso, TX  79998-1438**

**Law Office Of Timothy K. Liou**
**Suite 361, 575 West Madison Street**
**Chicago, IL  60661-2614**

**Home Depot Credit Services**
**Box 689100**
**Des Moines, IA  50368-9100**

**Bank Of America**
**Box 15027**
**Wilmington, DE  19850-5027**

**Mattie Wee Carodine**
**1232 West 74th Street**
**Chicago, IL  60636**

**Bank Of America**
**Box 15026**
**Wilmington, DE  19850-5026**

**Retail Services**
**Box 15521**
**Wilmington, DE  19850-5521**

**Carson Pirie Scott**
**Retail Services**
**Box 17264**
**Baltimore, MD  21297-1264**

**U.S. Department Of Education**
**Box 530260**
**Atlanta, GA  30353-0260**

**Chase**
**Box 15153**
**Wilmington, DE  19886-5153**

**Wells Fargo Home Mortgage**
**Box 10335**
**Des Moines, IA  50306**

**Citibank South Dakota, N.A.**
**Box 689182**
**Des Moines, IA  50364-0001**

**World Financial Network National Bank**
**Box 182782**
**Columbus, OH  43218-2782**

**Citibank South Dakota, N.A.**
**Box 6283**
**Sioux Falls, SD  57117-6283**

**Citifinancial Retail Services**
**Box 22060**
**Tempe, AZ  85285-2060**

B201A (Form 201A) (12/09)

**WARNING: Effective December 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy Rule 1007(c) is shortened to 14 days. For further information, see note at bottom of page 2**

# UNITED STATES BANKRUPTCY COURT

## NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a joint case (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009. Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B1D (Official Form 1, Exhibit D) (12/09)

## United States Bankruptcy Court
## Northern District of Illinois

IN RE:                                                                Case No. _____

**Carodine, Jeffrey** _____    Chapter **7** _____
<div align="center">Debtor(s)</div>

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: **/s/ Jeffrey Carodine** _____

Date: **January 25, 2010** _____

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**B1D (Official Form 1, Exhibit D) (12/09)**

## United States Bankruptcy Court
### Northern District of Illinois

IN RE:                                                                      Case No. _____

**Smith-Carodine, Keya N.** _____      Chapter **7** _____
                                        Debtor(s)

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
### CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: ***/s/ Keya N. Smith-Carodine*** _____

Date: **January 25, 2010** _____

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B201B (Form 201B) (12/09)

## United States Bankruptcy Court
### Northern District of Illinois

IN RE:                                                                      Case No. _____

**Carodine, Jeffrey & Smith-Carodine, Keya N.** _____    Chapter **7** _____

Debtor(s)

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor the attached notice, as required by § 342(b) of the Bankruptcy Code.

_____    Social Security number (If the bankruptcy
Printed Name and title, if any, of Bankruptcy Petition Preparer    petition preparer is not an individual, state
Address:    the Social Security number of the officer,
_____    principal, responsible person, or partner of
    the bankruptcy petition preparer.)
_____    (Required by 11 U.S.C. § 110.)

**X** _____
Signature of Bankruptcy Petition Preparer of officer, principal, responsible person, or
partner whose Social Security number is provided above.

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Carodine, Jeffrey & Smith-Carodine, Keya N.** _____    **X** */s/ Jeffrey Carodine*                    1/25/2010
Printed Name(s) of Debtor(s)    Signature of Debtor                    Date

Case No. (if known) _____    **X** */s/ Keya N. Smith-Carodine*                    1/25/2010
    Signature of Joint Debtor (if any)                    Date

**Instructions:** Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## United States Bankruptcy Court
## Northern District of Illinois

IN RE:                                                    Case No. _____

**Carodine, Jeffrey & Smith-Carodine, Keya N.** _____   Chapter **7** _____
<br>Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within
    one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation
    of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ **2,695.00**

    Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ **2,695.00**

    Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ **0.00**

2.  The source of the compensation paid to me was: ☑ Debtor   ☐ Other (specify):

3.  The source of compensation to be paid to me is: ☐ Debtor   ☐ Other (specify):

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement,
    together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
    e.  [Other provisions as needed]
    **Services as provided in attached Attorney Fee Agreement.**

6.  By agreement with the debtor(s), the above disclosed fee does not include the following services:
    **Representation pursuant to Sec. 523 shall be billed at $295.00 per hour.**

---

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy
proceeding.

_____          _____
**January 25, 2010**                       **/s/ Timothy K. Liou**
<br>Date                                   **Timothy K. Liou 06229724**
<br>                                       **Law Office Of Timothy K. Liou**
<br>                                       **Suite 361, 575 West Madison Street**
<br>                                       **Chicago, IL  60661-2614**
<br>                                       **(312) 474-7000**

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# ADVANCE PAYMENT RETAINER ATTORNEY FEE AGREEMENT

Attorney is authorized to file a Chapter 7 petition on Client's behalf and Client agrees to pay Attorney the sum of $2,695.00 as payment in full for all contemplated legal services to be rendered. Client further agrees to pay $299.00 court costs by money order or cashier's check directly to "Clerk of Bankruptcy Court" before Attorney's filing of the petition. Client has been informed that this advance payment retainer agreement has been created to benefit Client because of potential claims of Client's creditors. Client further understands that client has a choice between types of retainer agreements. The contemplated legal services to be rendered are: determination of eligibility to file, preparation of a budget, consideration of Chapter 7 as a solution as opposed to Chapter 13, evaluating advantages and disadvantages of both Chapter 13 and Chapter 7, determining availability of regular income and the amount of disposable income, evaluating any non-dischargeable Chapter 7 debts and potential good-faith or other issues that may be raised by the Chapter 7 trustee, court, or creditors, preparation of schedules, review with Client prior to signing of prepared documents, telephone calls to Client for more complete information as is needed, and filing the petition with the Clerk of the Bankruptcy Court. Attorney will, prior to the first meeting of creditors, prepare Client for the meeting, and represent Client before the Chapter 7 trustee. Attorney's fees are competitive and comparable to charges made by attorneys on non-bankruptcy matters. This agreement is retroactive to cover all legal services described above that may have been provided before its signing, including, but not limited to, telephone conference(s), drafting solicitation letter(s) informing of bankruptcy as a legal option, etc. Legal services not contemplated by the fees charged are: continued creditor's meetings caused by Client's failure to appear or to produce documentation requested by the trustee or any creditor, contested objections to discharge requiring a court hearing, contested hearing on objections to claims, adequate protection, hearing on any adversary matter, extended litigation, filing memorandums of law or briefs, proceedings filed for turnover orders, amendments to add additional creditors, conversion to Chapter 13, application to incur additional credit or application to buy or sell real estate. Attorney, upon Client's request, will appear on Client's behalf on any matter that affects Client's Chapter 7 case including any services not originally contemplated in this fee agreement. If so, Client will compensate Attorney for any additional services. Client retains no legal or equitable interest in the retainer and understands that fees paid under this agreement are for Attorney to be available to provide specific legal services when needed prior to and/or after filing the petition. Funds paid to Attorney prior to discharge are non-refundable to the extent earned and will be treated as income to the extent earned upon receipt, computed at Attorney's standard hourly rate of $295.00. Client shall pay all fees and costs prior to Attorney filing the Chapter 7 petition with the Clerk of the Bankruptcy Court. Client agrees to pay $65.00 to Attorney for processing each NSF check presented by Client to Attorney for payment of attorney fees. Client understands and agrees that Attorney's fees are payable whether the court dismisses the case or if Client directs Attorney not to file this case. Any balance due Attorney which is overdue 30 days or more shall bear late charges at 1.5% per month from the date shown hereon, together with reasonable Attorneys fees and court costs. If such late charges are disallowed by a court of competent jurisdiction, then said balance shall bear interest at the maximum rate allowed by law pursuant to 815 ILCS 205/4, together with reasonable Attorneys fees and court costs. Client acknowledges receiving a copy of this agreement.

_____
ATTORNEY

_____
CLIENT

_____
CLIENT

_____
DATE    1/21/10

_____
DATE    1/21/10

B6 Summary (Form 6 - Summary) (12/07)

**United States Bankruptcy Court**
**Northern District of Illinois**

IN RE:                                                                Case No. _____

**Carodine, Jeffrey & Smith-Carodine, Keya N.** _____    Chapter **7** _____
                          Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $     146,000.00 | | |
| B - Personal Property | Yes | 3 | $       8,695.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $     126,356.96 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $             0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | $       57,488.60 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $       4,011.05 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $       4,010.86 |
| TOTAL | | 14 | $     154,695.00 | $     183,845.56 | |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Form 6 - Statistical Summary (12/07)

**United States Bankruptcy Court**
**Northern District of Illinois**

| IN RE: | Case No. _____ |
|---|---|
| Carodine, Jeffrey & Smith-Carodine, Keya N. | Chapter **7** _____ |
| Debtor(s) | |

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount | |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ | 0.00 |
| Student Loan Obligations (from Schedule F) | $ | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | 0.00 |
| **TOTAL** | $ | **0.00** |

**State the following:**

| | | |
|---|---|---|
| Average Income (from Schedule I, Line 16) | $ | 4,011.05 |
| Average Expenses (from Schedule J, Line 18) | $ | 4,010.86 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ | 4,812.81 |

**State the following:**

| | | | | |
|---|---|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | | $ | 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | 0.00 | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | | $ | 0.00 |
| 4. Total from Schedule F | | | $ | 57,488.60 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | | $ | 57,488.60 |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6A (Official Form 6A) (12/07)

IN RE **Carodine, Jeffrey & Smith-Carodine, Keya N.**                              Case No. _____
_____
Debtor(s)                                                                                    (If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Debtor's primary residence commonly known as 10417 South Sangamon Street, Chicago, IL  60643-3029** | **Joint tenancy** | **J** | **146,000.00** | **126,356.96** |
| | | **TOTAL** | **146,000.00** | |

(Report also on Summary of Schedules)

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07)

IN RE **Carodine, Jeffrey & Smith-Carodine, Keya N.**                                    Case No. _____
                        Debtor(s)                                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking account held by Charter One | J | 600.00 |
|  |  | Checking account held by Sherwin Williams Credit Union | H | 100.00 |
|  |  | Savings account held by Sherwin Williams Credit Union | H | 25.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, include audio, video, and computer equipment. | | Miscellaneous depreciated household goods and furnishings | | 1,500.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | Necessary wearing apparel and shoes | | 400.00 |
| 7.  Furs and jewelry. | | Two 14K gold wedding bands | J | 70.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | | Mosseburg shotgun | H | 300.00 |
| 9.  Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Term life insurance policies held by Primerica | J | 0.00 |
| 10.  Annuities. Itemize and name each issue. | X | | | |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | Qualified 401(k) retirement plan | H | 3,600.00 |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont.

IN RE **Carodine, Jeffrey & Smith-Carodine, Keya N.**                    Case No. _____
_____
                        Debtor(s)                                                        (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

<div style="writing-mode: vertical-lr">© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only</div>

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15.  Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16.  Accounts receivable. | X | | | |
| 17.  Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19.  Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22.  Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23.  Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | | 1988 Chevrolet Van with 160k miles, disabled | H | 100.00 |
|  | | 1994 Isuzu Trooper w/110K miles, fair condition | H | 1,500.00 |
|  | | 1995 Chevrolet Van with 200k miles | H | 500.00 |
| 26.  Boats, motors, and accessories. | X | | | |
| 27.  Aircraft and accessories. | X | | | |
| 28.  Office equipment, furnishings, and supplies. | X | | | |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | X | | | |
| 32.  Crops - growing or harvested. Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

IN RE **Carodine, Jeffrey & Smith-Carodine, Keya N.** _____  Case No. _____
                       Debtor(s)                                                                              (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | TOTAL | 8,695.00 |

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

_____ **0** continuation sheets attached

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6C (Official Form 6C) (12/07)

IN RE **Carodine, Jeffrey & Smith-Carodine, Keya N.**                    Case No. _____
_____
Debtor(s)                                                      (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds $136,875.
(Check one box)

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE A - REAL PROPERTY** | | | |
| **Debtor's primary residence commonly known as 10417 South Sangamon Street, Chicago, IL  60643-3029** | **735 ILCS 5/12-901** | **15,000.00** | **146,000.00** |
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| **Checking account held by Charter One** | **735 ILCS 5/12-1001(b)** | **600.00** | **600.00** |
| **Checking account held by Sherwin Williams Credit Union** | **735 ILCS 5/12-1001(b)** | **100.00** | **100.00** |
| **Savings account held by Sherwin Williams Credit Union** | **735 ILCS 5/12-1001(b)** | **25.00** | **25.00** |
| **Miscellaneous depreciated household goods and furnishings** | **735 ILCS 5/12-1001(b)** | **1,500.00** | **1,500.00** |
| **Necessary wearing apparel and shoes** | **735 ILCS 5/12-1001(a)** | **400.00** | **400.00** |
| **Two 14K gold wedding bands** | **735 ILCS 5/12-1001(b)** | **70.00** | **70.00** |
| **Mosseburg shotgun** | **735 ILCS 5/12-1001(b)** | **300.00** | **300.00** |
| **Term life insurance policies held by Primerica** | **735 ILCS 5/12-1001(f)** | **100%** | **0.00** |
| **Qualified 401(k) retirement plan** | **735 ILCS 5/12-1006** | **3,600.00** | **3,600.00** |
| **1988 Chevrolet Van with 160k miles, disabled** | **735 ILCS 5/12-1001(b)** | **100.00** | **100.00** |
| **1994 Isuzu Trooper w/110K miles, fair condition** | **735 ILCS 5/12-1001(c)** | **1,500.00** | **1,500.00** |
| **1995 Chevrolet Van with 200k miles** | **735 ILCS 5/12-1001(c)** | **500.00** | **500.00** |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6D (Official Form 6D) (12/07)

IN RE **Carodine, Jeffrey & Smith-Carodine, Keya N.**            Case No. _____
_____
Debtor(s)                                                                        (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **0205261167** <br><br>**Wells Fargo Home Mortgage**<br>**Box 10335**<br>**Des Moines, IA  50306** | X | J | **Mortgage on Debtors' primary residence**<br><br><br>VALUE $ **146,000.00** | | | | **126,356.96** | |
| ACCOUNT NO. <br><br><br><br>VALUE $ | | | | | | | | |
| ACCOUNT NO. <br><br><br><br>VALUE $ | | | | | | | | |
| ACCOUNT NO. <br><br><br><br>VALUE $ | | | | | | | | |

**0** continuation sheets attached

Subtotal
(Total of this page) $ **126,356.96**  $

Total
(Use only on last page) $ **126,356.96**  $

(Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6E (Official Form 6E) (12/07)

IN RE Carodine, Jeffrey & Smith-Carodine, Keya N.                                    Case No. _____
                    Debtor(s)                                                                                  (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
    Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
    Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____ **0** continuation sheets attached

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**B6F (Official Form 6F) (12/07)**

IN RE **Carodine, Jeffrey & Smith-Carodine, Keya N.**                    Case No. _____
_____
Debtor(s)                                                      (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **74975661426753**<br><br>**Bank Of America**<br>**Box 15027**<br>**Wilmington, DE  19850-5027** | | H | charge | | | | 5,386.55 |
| ACCOUNT NO. **3743-220455-47029**<br><br>**Bank Of America**<br>**Box 15026**<br>**Wilmington, DE  19850-5026** | | H | charge | | | | 5,458.20 |
| ACCOUNT NO. **2112010100847466**<br><br>**Carson Pirie Scott**<br>**Retail Services**<br>**Box 17264**<br>**Baltimore, MD  21297-1264** | | W | charge | | | | 1,630.77 |
| ACCOUNT NO. **4640-1820-4846-8254**<br><br>**Chase**<br>**Box 15153**<br>**Wilmington, DE  19886-5153** | | W | charge | | | | 905.84 |

___**2**___ continuation sheets attached

Subtotal
(Total of this page) $ **13,381.36**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $

B6F (Official Form 6F) (12/07) - Cont.

IN RE **Carodine, Jeffrey & Smith-Carodine, Keya N.**                    Case No. _____

_____
Debtor(s)                                                              (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **6011-6442-0085-1946** <br> **Citibank South Dakota, N.A.** <br> **Box 689182** <br> **Des Moines, IA  50364-0001** | | W | charge | | | | 789.80 |
| ACCOUNT NO. **5049940311113400** <br> **Citibank South Dakota, N.A.** <br> **Box 6283** <br> **Sioux Falls, SD  57117-6283** | | H | charge | | | | 4,625.45 |
| ACCOUNT NO. **6032590323501766** <br> **Citifinancial Retail Services** <br> **Box 22060** <br> **Tempe, AZ  85285-2060** | | H | charge | | | | 1,672.21 |
| ACCOUNT NO. **7714250590650792** <br> **GE Money Bank** <br> **Box 103104** <br> **Roswell, GA  30076** | | H | charge | | | | 3,074.79 |
| ACCOUNT NO. **6034621711096115** <br> **GE Money Bank** <br> **Box 981438** <br> **El Paso, TX  79998-1438** | | H | charge | | | | 966.84 |
| ACCOUNT NO. **6035320076936804** <br> **Home Depot Credit Services** <br> **Box 689100** <br> **Des Moines, IA  50368-9100** | | H | charge | | | | 5,468.60 |
| ACCOUNT NO. **7001063105017752** <br> **Retail Services** <br> **Box 15521** <br> **Wilmington, DE  19850-5521** | | H | charge | | | | 4,517.83 |

Sheet no. **1** of **2** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          $ 21,115.52

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)          $

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

IN RE **Carodine, Jeffrey & Smith-Carodine, Keya N.**                Case No. _____
_____
Debtor(s)                                                                        (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **4362** <br><br> **U.S. Department Of Education** <br> **Box 530260** <br> **Atlanta, GA  30353-0260** | | W | Student loans | | | | 22,000.00 |
| ACCOUNT NO. **879441108** <br><br> **World Financial Network National Bank** <br> **Box 182782** <br> **Columbus, OH  43218-2782** | | W | charge | | | | 991.72 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. __**2**__ of __**2**__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ 22,991.72

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $ 57,488.60

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6G (Official Form 6G) (12/07)

IN RE **Carodine, Jeffrey & Smith-Carodine, Keya N.**                                    Case No. _____
_____
            Debtor(s)                                                                                                (If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

   Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6H (Official Form 6H) (12/07)

IN RE <u>Carodine, Jeffrey & Smith-Carodine, Keya N.</u> _____  Case No. _____
　　　　　　　　　　　　Debtor(s)　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(If known)

## SCHEDULE H - CODEBTORS

　　Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Mattie Wee Carodine**<br>**1232 West 74th Street**<br>**Chicago, IL  60636** | **Wells Fargo Home Mortgage**<br>**Box 10335**<br>**Des Moines, IA  50306** |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6I (Official Form 6I) (12/07)

IN RE <u>Carodine, Jeffrey & Smith-Carodine, Keya N.</u>          Case No. _____
                        Debtor(s)                                                    (If known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Married** | RELATIONSHIP(S): **Son** **Son** **Daughter** | | AGE(S): **13** **11** **4** |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Assistant Manager** | **Teacher Assistant** |
| Name of Employer | **Walgreen Company** | **Alternative Academic Achievement Academy** |
| How long employed | **4 years and 3 months** | **10 months** |
| Address of Employer | **200 Wilmot Road** **Deerfield, IL  60015-4620** | **16801 Dixie Highway** **Hazel Crest, IL  60429-1338** |

**INCOME:** (Estimate of average or projected monthly income at time case filed)   DEBTOR   SPOUSE

| | DEBTOR | SPOUSE |
|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $ 3,108.92 | $ 2,000.00 |
| 2. Estimated monthly overtime | $ 203.90 | $ |
| **3. SUBTOTAL** | $ 3,312.82 | $ 2,000.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|   a. Payroll taxes and Social Security | $ 372.29 | $ 282.49 |
|   b. Insurance | $ 495.37 | $ |
|   c. Union dues | $ | $ |
|   d. Other (specify)  **P/S USA** | $ 66.73 | $ |
|               **Stock Purchase** | $ 84.89 | $ |
| **5. SUBTOTAL OF PAYROLL DEDUCTIONS** | $ 1,019.28 | $ 282.49 |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | $ 2,293.54 | $ 1,717.51 |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | $ |
| 8. Income from real property | $ | $ |
| 9. Interest and dividends | $ | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | $ |
| 11. Social Security or other government assistance (Specify) _____ | $ | $ |
| _____ | $ | $ |
| 12. Pension or retirement income | $ | $ |
| 13. Other monthly income (Specify) _____ | $ | $ |
| _____ | $ | $ |
| _____ | $ | $ |
| **14. SUBTOTAL OF LINES 7 THROUGH 13** | $ | $ |
| **15. AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14) | $ 2,293.54 | $ 1,717.51 |

**16. COMBINED AVERAGE MONTHLY INCOME**: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15)   $ 4,011.05

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6J (Official Form 6J) (12/07)

IN RE **Carodine, Jeffrey & Smith-Carodine, Keya N.**          Case No. _____
<div align="center"><u>Debtor(s)</u>                              (If known)</div>

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 1,036.86 |
|    a. Are real estate taxes included?    Yes ✓   No ____ | |
|    b. Is property insurance included?  Yes ✓   No ____ | |
| 2. Utilities: | |
|    a. Electricity and heating fuel | $ 350.00 |
|    b. Water and sewer | $ 25.00 |
|    c. Telephone | $ 230.00 |
|    d. Other  **Haircuts & Personal Hygiene** | $ 100.00 |
|   | $ |
| 3. Home maintenance (repairs and upkeep) | $ 50.00 |
| 4. Food | $ 850.00 |
| 5. Clothing | $ 150.00 |
| 6. Laundry and dry cleaning | $ 54.00 |
| 7. Medical and dental expenses | $ 50.00 |
| 8. Transportation (not including car payments) | $ 500.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ |
| 10. Charitable contributions | $ |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|    a. Homeowner's or renter's | $ |
|    b. Life | $ 80.00 |
|    c. Health | $ |
|    d. Auto | $ 100.00 |
|    e. Other | $ |
|   | $ |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
|    (Specify) | $ |
|   | $ |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | |
|    a. Auto | $ |
|    b. Other | $ |
|   | $ |
| 14. Alimony, maintenance, and support paid to others | $ |
| 15. Payments for support of additional dependents not living at your home | $ |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ |
| 17. Other  **Asthma Medication And Inhalers For Two Children** | $ 200.00 |
|    **House Alarm** | $ 35.00 |
|    **Childcare/ Babysitters** | $ 200.00 |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.          **$ 4,010.86**

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

**20. STATEMENT OF MONTHLY NET INCOME**

| | |
|---|---:|
|    a. Average monthly income from Line 15 of Schedule I | $ 4,011.05 |
|    b. Average monthly expenses from Line 18 above | $ 4,010.86 |
|    c. Monthly net income (a. minus b.) | $ 0.19 |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6 Declaration (Official Form 6 - Declaration) (12/07)

IN RE **Carodine, Jeffrey & Smith-Carodine, Keya N.** _____   Case No. _____
                        Debtor(s)                                              (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ **16** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: **January 25, 2010** _____   Signature: **/s/ Jeffrey Carodine** _____
                                                        **Jeffrey Carodine**                    Debtor

Date: **January 25, 2010** _____   Signature: **/s/ Keya N. Smith-Carodine** _____
                                                        **Keya N. Smith-Carodine**          (Joint Debtor, if any)
                                                        [If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____   _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer   Social Security No. (Required by 11 U.S.C. § 110.)

_If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document._

_____

_____
Address

_____   _____
Signature of Bankruptcy Petition Preparer                   Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

_If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person._

_A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156._

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (_total shown on summary page plus 1_), and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____   Signature: _____

_____
(Print or type name of individual signing on behalf of debtor)

_[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]_

_Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571._

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B7 (Official Form 7) (12/07)

**United States Bankruptcy Court**
**Northern District of Illinois**

IN RE:                                                                    Case No. _____

Carodine, Jeffrey & Smith-Carodine, Keya N.                              Chapter **7** _____
_____
                    Debtor(s)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business,
☐     including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 0.00 | 2009:  approx. $24.652.47; |
|  | 2008:  $51,251.00; and |
|  | 2007:  $38,676.00. |

---

**2. Income other than from employment or operation of business**

None    State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the
☑     **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**3. Payments to creditors**
*Complete a. or b., as appropriate, and c.*

None    *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other
☑     debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

None ☑ *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ *c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☑ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**5. Repossessions, foreclosures and returns**

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**6. Assignments and receiverships**

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**7. Gifts**

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**8. Losses**

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Timothy K. Liou, Esq.**<br>**Suite 361**<br>**575 West Madison Street**<br>**Chicago, IL  60661-2614** | **1/21/10** | **2,695.00** |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**10. Other transfers**

None ☑   a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑   b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

None ☑   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**12. Safe deposit boxes**

None ☑   List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

None ☑   List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

None ☑   List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

None ☑   If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**16. Spouses and Former Spouses**

None ☑   If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑   a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**

None ☑   a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

None ☑   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: **January 25, 2010**          Signature  */s/ Jeffrey Carodine*

                                      of Debtor                                              **Jeffrey Carodine**

Date: **January 25, 2010**          Signature  */s/ Keya N. Smith-Carodine*

                                      of Joint Debtor                                    **Keya N. Smith-Carodine**
                                      (if any)

_____ **0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. § 152 and 3571.*

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B8 (Official Form 8) (12/08)

## United States Bankruptcy Court
## Northern District of Illinois

**IN RE:**                                                                Case No. _____

Carodine, Jeffrey & Smith-Carodine, Keya N.                      Chapter **7** _____
_____
Debtor(s)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**Wells Fargo Home Mortgage** | **Describe Property Securing Debt:**<br>**Debtor's primary residence commonly known as 10417 Sout** |
| Property will be *(check one)*:<br>☐ Surrendered  ☑ Retained<br><br>If retaining the property, I intend to *(check at least one)*:<br>☐ Redeem the property<br>☑ Reaffirm the debt<br>☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).<br><br>Property is *(check one)*:<br>☑ Claimed as exempt  ☐ Not claimed as exempt | |

| Property No. 2 (if necessary) | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |
| Property will be *(check one)*:<br>☐ Surrendered  ☐ Retained<br><br>If retaining the property, I intend to *(check at least one)*:<br>☐ Redeem the property<br>☐ Reaffirm the debt<br>☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).<br><br>Property is *(check one)*:<br>☐ Claimed as exempt  ☐ Not claimed as exempt | |

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ Yes ☐ No |

| Property No. 2 (if necessary) | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ Yes ☐ No |

____ continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: ____**January 25, 2010**____          ***/s/ Jeffrey Carodine***
                                            Signature of Debtor

                                            ***/s/ Keya N. Smith-Carodine***
                                            Signature of Joint Debtor

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# ADVANCE PAYMENT RETAINER ATTORNEY FEE AGREEMENT

Attorney is authorized to file a Chapter 7 petition on Client's behalf and Client agrees to pay Attorney the sum of $2,695.00 as payment in full for all contemplated legal services to be rendered. Client further agrees to pay $299.00 court costs by money order or cashier's check directly to "Clerk of Bankruptcy Court" before Attorney's filing of the petition. Client has been informed that this advance payment retainer agreement has been created to benefit Client because of potential claims of Client's creditors. Client further understands that client has a choice between types of retainer agreements. The contemplated legal services to be rendered are: determination of eligibility to file, preparation of a budget, consideration of Chapter 7 as a solution as opposed to Chapter 13, evaluating advantages and disadvantages of both Chapter 13 and Chapter 7, determining availability of regular income and the amount of disposable income, evaluating any non-dischargeable Chapter 7 debts and potential good-faith or other issues that may be raised by the Chapter 7 trustee, court, or creditors, preparation of schedules, review with Client prior to signing of prepared documents, telephone calls to Client for more complete information as is needed, and filing the petition with the Clerk of the Bankruptcy Court. Attorney will, prior to the first meeting of creditors, prepare Client for the meeting, and represent Client before the Chapter 7 trustee. Attorney's fees are competitive and comparable to charges made by attorneys on non-bankruptcy matters. This agreement is retroactive to cover all legal services described above that may have been provided before its signing, including, but not limited to, telephone conference(s), drafting solicitation letter(s) informing of bankruptcy as a legal option, etc. Legal services not contemplated by the fees charged are: continued creditor's meetings caused by Client's failure to appear or to produce documentation requested by the trustee or any creditor, contested objections to discharge requiring a court hearing, contested hearing on objections to claims, adequate protection, hearing on any adversary matter, extended litigation, filing memorandums of law or briefs, proceedings filed for turnover orders, amendments to add additional creditors, conversion to Chapter 13, application to incur additional credit or application to buy or sell real estate. Attorney, upon Client's request, will appear on Client's behalf on any matter that affects Client's Chapter 7 case including any services not originally contemplated in this fee agreement. If so, Client will compensate Attorney for any additional services. Client retains no legal or equitable interest in the retainer and understands that fees paid under this agreement are for Attorney to be available to provide specific legal services when needed prior to and/or after filing the petition. Funds paid to Attorney prior to discharge are non-refundable to the extent earned and will be treated as income to the extent earned upon receipt, computed at Attorney's standard hourly rate of $295.00. Client shall pay all fees and costs prior to Attorney filing the Chapter 7 petition with the Clerk of the Bankruptcy Court. Client agrees to pay $65.00 to Attorney for processing each NSF check presented by Client to Attorney for payment of attorney fees. Client understands and agrees that Attorney's fees are payable whether the court dismisses the case or if Client directs Attorney not to file this case. Any balance due Attorney which is overdue 30 days or more shall bear late charges at 1.5% per month from the date shown hereon, together with reasonable Attorneys fees and court costs. If such late charges are disallowed by a court of competent jurisdiction, then said balance shall bear interest at the maximum rate allowed by law pursuant to 815 ILCS 205/4, together with reasonable Attorneys fees and court costs. Client acknowledges receiving a copy of this agreement.

_____
ATTORNEY

_____
CLIENT

_____
CLIENT

_____
DATE   1/21/10

_____
DATE   1/21/10

# ADVANCE PAYMENT RETAINER ATTORNEY FEE AGREEMENT

Attorney is authorized to file a Chapter 7 petition on Client's behalf and Client agrees to pay Attorney the sum of $2,695.00 as payment in full for all contemplated legal services to be rendered. Client further agrees to pay $299.00 court costs by money order or cashier's check directly to "Clerk of Bankruptcy Court" before Attorney's filing of the petition. Client has been informed that this advance payment retainer agreement has been created to benefit Client because of potential claims of Client's creditors. Client further understands that client has a choice between types of retainer agreements. The contemplated legal services to be rendered are: determination of eligibility to file, preparation of a budget, consideration of Chapter 7 as a solution as opposed to Chapter 13, evaluating advantages and disadvantages of both Chapter 13 and Chapter 7, determining availability of regular income and the amount of disposable income, evaluating any non-dischargeable Chapter 7 debts and potential good-faith or other issues that may be raised by the Chapter 7 trustee, court, or creditors, preparation of schedules, review with Client prior to signing of prepared documents, telephone calls to Client for more complete information as is needed, and filing the petition with the Clerk of the Bankruptcy Court. Attorney will, prior to the first meeting of creditors, prepare Client for the meeting, and represent Client before the Chapter 7 trustee. Attorney's fees are competitive and comparable to charges made by attorneys on non-bankruptcy matters. This agreement is retroactive to cover all legal services described above that may have been provided before its signing, including, but not limited to, telephone conference(s), drafting solicitation letter(s) informing of bankruptcy as a legal option, etc. Legal services not contemplated by the fees charged are: continued creditor's meetings caused by Client's failure to appear or to produce documentation requested by the trustee or any creditor, contested objections to discharge requiring a court hearing, contested hearing on objections to claims, adequate protection, hearing on any adversary matter, extended litigation, filing memorandums of law or briefs, proceedings filed for turnover orders, amendments to add additional creditors, conversion to Chapter 13, application to incur additional credit or application to buy or sell real estate. Attorney, upon Client's request, will appear on Client's behalf on any matter that affects Client's Chapter 7 case including any services not originally contemplated in this fee agreement. If so, Client will compensate Attorney for any additional services. Client retains no legal or equitable interest in the retainer and understands that fees paid under this agreement are for Attorney to be available to provide specific legal services when needed prior to and/or after filing the petition. Funds paid to Attorney prior to discharge are non-refundable to the extent earned and will be treated as income to the extent earned upon receipt, computed at Attorney's standard hourly rate of $295.00. Client shall pay all fees and costs prior to Attorney filing the Chapter 7 petition with the Clerk of the Bankruptcy Court. Client agrees to pay $65.00 to Attorney for processing each NSF check presented by Client to Attorney for payment of attorney fees. Client understands and agrees that Attorney's fees are payable whether the court dismisses the case or if Client directs Attorney not to file this case. Any balance due Attorney which is overdue 30 days or more shall bear late charges at 1.5% per month from the date shown hereon, together with reasonable Attorneys fees and court costs. If such late charges are disallowed by a court of competent jurisdiction, then said balance shall bear interest at the maximum rate allowed by law pursuant to 815 ILCS 205/4, together with reasonable Attorneys fees and court costs. Client acknowledges receiving a copy of this agreement.

_____
ATTORNEY

_____
CLIENT

_____
CLIENT

_____
DATE   1/21/10

_____
DATE   1/21/10

# ADVANCE PAYMENT RETAINER ATTORNEY FEE AGREEMENT

Attorney is authorized to file a Chapter 7 petition on Client's behalf and Client agrees to pay Attorney the sum of $2,695.00 as payment in full for all contemplated legal services to be rendered. Client further agrees to pay $299.00 court costs by money order or cashier's check directly to "Clerk of Bankruptcy Court" before Attorney's filing of the petition. Client has been informed that this advance payment retainer agreement has been created to benefit Client because of potential claims of Client's creditors. Client further understands that client has a choice between types of retainer agreements. The contemplated legal services to be rendered are: determination of eligibility to file, preparation of a budget, consideration of Chapter 7 as a solution as opposed to Chapter 13, evaluating advantages and disadvantages of both Chapter 13 and Chapter 7, determining availability of regular income and the amount of disposable income, evaluating any non-dischargeable Chapter 7 debts and potential good-faith or other issues that may be raised by the Chapter 7 trustee, court, or creditors, preparation of schedules, review with Client prior to signing of prepared documents, telephone calls to Client for more complete information as is needed, and filing the petition with the Clerk of the Bankruptcy Court. Attorney will, prior to the first meeting of creditors, prepare Client for the meeting, and represent Client before the Chapter 7 trustee. Attorney's fees are competitive and comparable to charges made by attorneys on non-bankruptcy matters. This agreement is retroactive to cover all legal services described above that may have been provided before its signing, including, but not limited to, telephone conference(s), drafting solicitation letter(s) informing of bankruptcy as a legal option, etc. Legal services not contemplated by the fees charged are: continued creditor's meetings caused by Client's failure to appear or to produce documentation requested by the trustee or any creditor, contested objections to discharge requiring a court hearing, contested hearing on objections to claims, adequate protection, hearing on any adversary matter, extended litigation, filing memorandums of law or briefs, proceedings filed for turnover orders, amendments to add additional creditors, conversion to Chapter 13, application to incur additional credit or application to buy or sell real estate. Attorney, upon Client's request, will appear on Client's behalf on any matter that affects Client's Chapter 7 case including any services not originally contemplated in this fee agreement. If so, Client will compensate Attorney for any additional services. Client retains no legal or equitable interest in the retainer and understands that fees paid under this agreement are for Attorney to be available to provide specific legal services when needed prior to and/or after filing the petition. Funds paid to Attorney prior to discharge are non-refundable to the extent earned and will be treated as income to the extent earned upon receipt, computed at Attorney's standard hourly rate of $295.00. Client shall pay all fees and costs prior to Attorney filing the Chapter 7 petition with the Clerk of the Bankruptcy Court. Client agrees to pay $65.00 to Attorney for processing each NSF check presented by Client to Attorney for payment of attorney fees. Client understands and agrees that Attorney's fees are payable whether the court dismisses the case or if Client directs Attorney not to file this case. Any balance due Attorney which is overdue 30 days or more shall bear late charges at 1.5% per month from the date shown hereon, together with reasonable Attorneys fees and court costs. If such late charges are disallowed by a court of competent jurisdiction, then said balance shall bear interest at the maximum rate allowed by law pursuant to 815 ILCS 205/4, together with reasonable Attorneys fees and court costs. Client acknowledges receiving a copy of this agreement.

ATTORNEY

CLIENT

CLIENT

DATE 1/21/10

DATE 1/21/10